IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA MITCHELL and
JERICA NUNEZ, Individually
and on behalf of others similarly situated,

    Plaintiffs,

vs.                              CASE NO:

TALLY HO, L.L.C. , 7402 ENTERPRISES, INC.,
KEEZONE PRODUCTIONS, LLC, and
KEITH NORATES, Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW, Plaintiffs, VANESSA MITCHELL and JERICA NUNEZ, (hereinafter known as "PLAINTIFFS") by and through their undersigned counsel and hereby sue the Defendants, TALLY HO, L.L.C, (hereinafter known as "TALLY HO"), 7402 ENTERPRISES, INC. (hereinafter known as "7402"), KEEZONE PRODUCTIONS, LLC, (hereinafter known as "KEEZONE") and KEITH NORATES, Individually (hereinafter known as "NORATES") and states as follows:

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiffs are residents of Hillsborough County, Florida.

4. Defendant, TALLY HO, was and is a Florida Limited Liability Company, and doing business in this Judicial District.

5. Defendant, 7402, was and is a Florida Profit Corporation, and doing business in this Judicial District.

6. Defendant, KEEZONE, was and is a Florida Limited Liability Company, and doing business in this Judicial District.

7. Defendant, NORATES was acting in a supervisory capacity for Tally Ho, L.L.C., 7402 Enterprises, Inc. and Keezone Productions, LLC. Defendant, NORATES, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and

method of payment and/or maintained employment records. Defendant, NORATES, possessed operational control of business activities.

8. Defendants are joint employers and/or an integrated enterprise and/or single employer as defined by the laws under which this action is brought and employ the required number of employees.

## GENERAL ALLEGATIONS

9. At all times material, Defendants acted with malice and with reckless disregard for Plaintiffs' rights.

10. At all times material, Plaintiffs were qualified to perform their jobs as Cooks within the legitimate expectations of their employer.

11. Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obligated to pay them a reasonable fee for their services.

12. Plaintiffs request a jury trial for all issues so triable.

## FACTS

13. Plaintiff, VANESSA MITCHELL, began her employment on or about November 7, 2022.

14. Plaintiff, JERICA NUNEZ, began her employment on or about October 2022.

15. Plaintiff, VANESSA MITCHELL, was compensated at an hourly rate of $16.00 per hour.

16. Plaintiff, JERICA NUNEZ, was compensated at an hourly rate of $15.00 per hour.

17. Plaintiff, JERICA NUNEZ, routinely worked in excess of forty (40) hours in a work week.

18. Plaintiff, JERICA NUNEZ, estimates she worked an average of forty-five (45) hours each week however, she was routinely paid for significantly fewer hours than she worked.

19. Plaintiff, VANESSA MITCHELL, was never given tax forms to complete for payroll.

20. On November 26, 2022, Plaintiff, VANESSA MITCHELL spoke to Defendant, NORATES.  She objected to her not being added to the payroll system so she could receive direct deposit and questioned whether taxes were being calculated and withheld appropriately and lawfully.

21. On December 2, 2022, a co-worker informed Defendant, NORATES, that Plaintiff, VANESSA MITCHELL, would again like to discuss payroll deductions and complete the necessary legally mandated tax forms.

22. Defendant, NORATES, went to the kitchen window and yelled at

Plaintiff, VANESSA MITCHELL, to "get off my d*** about what's in my pockets".

23. Defendant, NORATES, then went into the kitchen where Plaintiff, VANESSA MITCHELL, was and continued screaming in her face, spitting, pointing his finger and chest bumped her before storming out of the kitchen and slamming the door in Plaintiff's face. Plaintiff was the only female cook in the kitchen and no one responded to his aggressive battery and behavior.

24. Plaintiff, VANESSA MITCHELL, completed her shift and contacted the kitchen manager to advise that she would not be back.

25. When Plaintiff, VANESSA MITCHELL, asked about her last paycheck she was told that if she came back up there to try to get it Defendant, NORATES, would kick her ass and he was not going to pay her.

26. Defendants failed and refused to pay Plaintiffs for the hours worked.

## COUNT I
## FLSA MINIMUM WAGE AS TO ALL DEFENDANTS

27. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

28. Plaintiffs are entitled to minimum wage for all hours worked pursuant to the FLSA.

29. By reason of the intentional, willful and unlawful acts of the Defendants in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

**COUNT II**
**FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)**
**AS TO ALL DEFENDANTS**
**ON BEHALF OF PLAINTIFF, JERICA NUNEZ**

30. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

31. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

32. Throughout her employment with Defendants, Plaintiff, JERICA NUNEZ, worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

33. Plaintiff, JERICA NUNEZ, estimates that she worked an average of forty-five hours per week. Defendants failed to comply with their statutory obligation to keep accurate time records.

34. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40)

hours in a work week.

35. Plaintiff, is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

36. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §201 et seq., including 29 U.S.C. § 207.

37. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

38. Defendants' violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

39. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

41. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, JERICA NUNEZ, respectfully requests that

judgment be entered in her favor against Defendants including, but not limited to:

    a.    Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.    Awarding prejudgment interest;

    d.    Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Determining that the FLSA was violated and an adjudication on the merits of the case;

    f.    Ordering any other further relief the Court deems just and proper.

## COUNT III
## FLSA RETALIATION
## ON BEHALF OF VANESSA MITCHELL

42.    Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

43.    Plaintiff, VANESSA MITCHELL, was constructively discharged and had her final paycheck withheld as a direct result of, and in retaliation for, her reporting and opposing the above described unlawful conduct.

44. The above described actions of Defendants constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

45. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

46. As a result of Defendants' unlawful acts against Plaintiff, she has and will continue to incur damages as well as attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT IV
## CIVIL BATTERY – DEFENDANT KEITH NORATES

47. Plaintiffs re-allege and adopt the allegations stated in paragraphs one (1) through twenty-six (26).

48. Defendant, NORATES intentionally and unlawfully engaged in physical touching of Plaintiff, VANESSA MITCHELL.

49. The battery was offensive and unwanted by Plaintiff, and she did not

consent to Defendant's, actions.

50. As a direct and proximate result of the batteries perpetrated on her, Plaintiff, VANESSA MITCHELL, suffered the following damages:

    a. Mental pain;

    b. Severe emotional distress;

    c. Embarrassment;

    d. Humiliation;

    e. Mental anguish;

    f. Loss of the capacity for the enjoyment of life;

    g. Impairment of working ability;

    h. Loss of dignity;

    i. Loss of or diminution of earning or earning capacity.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendant for an amount within the jurisdictional limits of this Court, plus costs, and for such other relief to which the Plaintiffs may be justly entitled.

## COUNT V
## BATTERY – VICARIOUS LIABILITY

46. Plaintiff re-alleges and adopts the allegations stated in paragraphs one (1) through twenty-one (21).

47. By the conduct described above, Defendant, NORATES,

intentionally and unlawfully directed offensive physical touching toward Plaintiff.

48. The battery was unwanted by Plaintiff, and she did not consent to NORATES' actions.

49. At all times material, Defendant, NORATES, was acting within the course and scope of his employment with Defendants.

50. As a direct and proximate result of the batteries perpetrated on her, Plaintiff suffered the following damages:

a. Mental pain;

b. Severe emotional distress;

c. Embarrassment;

d. Humiliation;

e. Mental anguish;

f. Loss of the capacity for the enjoyment of life;

g. Impairment of working ability;

h. Loss of dignity;

i. Loss of or diminution of earning or earning capacity.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendant for an amount within the jurisdictional limits of this Court, plus costs,

and for such other relief to which the Plaintiff may be justly entitled.

## COUNT VI

51. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

52. At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiffs. Such individuals were similarly situated to Plaintiffs with respect to the terms and conditions of their employment.

53. Throughout their employment, individuals similarly situated to Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

54. At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiffs worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

55. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

56. As a direct and legal consequence of Defendants' unlawful acts,

Case 6:22-cv-00850 Document 1 Filed 05/06/22 Page 7 of 9 Page ID 78

individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiffs individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

Dated: January 6, 2023.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin_____
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Secondary: asine@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 224-4000
Facsimile (727) 483-7942
Attorneys for Plaintiffs