IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA MITCHELL and
JERICA NUNEZ, Individually
and on behalf of others similarly situated,

    Plaintiffs,

vs.                                        CASE NO.: 8:23-cv-00043-TPB-CPT

TALLY HO, L.L.C., 7402 ENTERPRISES, INC.,
KEEZONE PRODUCTIONS, LLC, and
KEITH NORATES, Individually,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND TO DISMISS THE COMPLAINT

Pursuant to the Court's Endorsed Order (Doc. 21), Plaintiff and Defendants though their counsel., files this Joint Motion for Approval of FLSA Settlement and to Dismiss the Complaint with Prejudice and states as follows:

## INTRODUCTION

Plaintiff's claims focused on Defendants' alleged failure to compensate Plaintiffs for all hours work, including overtime, as well as a retaliation claim for suffering an adverse employment action for opposing Defendants' pay practices.

The overtime and retaliation claims fall under Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"). Plaintiff's other claim, with regard to Defendant Mitchell is a Florida common law Battery claim. (Count IV)

## PROCEDURAL BACKGROUND

1. On January 1, 2023, Plaintiff's Mithcell and Nunez filed their original Complaint and Demand for Jury Trial in this Court against four (4) Defendants, TALLY HO, L.L.C., 7402 ENTERPRISES, INC., KEEZONE PRODUCTIONS, LLC, and KEITH NORATES, Individually. (Doc. 1)

2. On February 9, 2023, all Defendants answered the Complaint. (Doc.16)

3. Thereafter, parties engaged in settlement discussions and the parties were able to come to an agreement to settle all claims brought by both Plaintiffs against all Defendants.

4. It should be noted that both Plaintiffs worked for Defendants, for less than one month and the settlement reached fully and completely compensates the Plaintiffs for any and all wage claims.

5. On April 20, 2023, the parties filed their Stipualation of Dismissal. (Doc.21).

## MEMORANDUM OF LAW

Without admitting fault or liability, the Parties have amicably resolved all disputed claims in this matter (including attorney's fees and costs). For a release and waiver of claims agreement to be considered effective under the FLSA, it

needs to be approved by a Court or supervised by the U.S. Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.") *See also Silva v. Miller*, 307 f. App'x. 349, 351 (11th Cir. 2009).

### A.   Fairness of Terms of Settlement.

A bona fide dispute existed between Plaintiff and Defendants in this case regarding the application of the FLSA with respect to several issues, most notably: (1) whether Plaintiff was entitled to overtime wages; (2) whether Plaintiff worked off the clock; (3) whether Plaintiff worked in excess of forty hours per week and if so, how much and how often.

To avoid the risks and costs associated with further litigation (which are significant for both sides relative to the amount in controversy), the Parties have agreed to resolve all disputed claims or potential claims between the aforementioned Parties in this lawsuit, including all claims for attorneys' fees and costs as to Plaintiff in the case. A copy of the settlement agreement and

release is attached as Exhibit 1.

Under the terms of the agreement, Plaintiff Nunez will be paid a total sum of Five Thousand Dollars ($5,000.00) and Plaintiff Mitchell will be paid a total sum of Ten Thousand Dollars ($10,000.00).  The Parties request that the Court approve the settlement as fair and reasonable in this case given the nature of the dispute, the legal issues involved and the risks and costs associated with further litigation.

### B.	Reasonableness Of Attorney's Fees And Costs.

A settlement was reached in this case, which included and encompassed all of Plaintiff's claims, as well as attorneys' fees and costs.

 Plaintiff's counsel submits the amount of the net settlement proceeds that Plaintiffs received under the terms of the settlement fully compensates them for their wage claims without compromise.  In fact, given the short time of employment for each Plaintiff the maximum FLSA claim each had was only a few hundred dollars yet each has received multiple thousands of dollars.

## CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court approve the settlement as fair and reasonable resolution of a bona fide dispute under the FLSA, dismiss this case as to Defendants with prejudice, with each party to bear its own attorneys' fees and costs, and to retain jurisdiction to

enforce the terms of the settlement at issue.

Respectfully submitted,

| | |
|---|---|
| */s/ Wolfgang M. Florin* | */s/ G. Michael Nelson* |
| Wolfgang M. Florin, Esquire | G. Michael Nelson, Esquire |
| Florida Bar No.: 907804 | Florida Bar No.: 0559180 |
| wolfgang@fgbolaw.com | gmnlaw@htmail.com |
| | 1005 North Marion Street |
| Florida Bar 0902004 | Tampa, Florida 33602 |
| chris@fgbolaw.com | Telephone: (813) 221-0999 |
| Florin Gray Bouzas Owens, LLC | Facsimile: (813) 314-9626 |
| 16524 Pointe Village Drive, Suite 100 | Attorneys for Defendants |
| Lutz, Florida 33558 | |
| Telephone: (727) 220-4000 | |
| Attorneys for Plaintiffs | |